**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

METROPOLITAN LIFE INSURANCE
COMPANY,
    Plaintiff,

v.

ROBIN CARTLEDGE and ROSE
LAROCHELLE,
    Defendants.

Civil Action No.
1:22-cv-02250-SDG

**OPINION AND ORDER**

This matter is before the Court on the unopposed motion for judgment on the pleadings filed by Defendant Robin Cartledge [ECF 27]. For the following reasons, the motion is **GRANTED**.

**I.   Background**

This case began as an interpleader action brought by Plaintiff Metropolitan Life Insurance Company (MetLife). On August 3, 2023, MetLife paid $55,679.45 into the registry of this Court (the Funds), constituting the Basic Life Insurance benefits, plus all accrued interest payable by the reason of the death of Scott Farnum (the Decedent) under an employee welfare benefit plan sponsored and maintained by the Decedent's former employer, Waste Management, Inc., and funded by the group life insurance policy 95713-1-G issued by MetLife.[1] MetLife

---

[1]   ECF 16.

contended that it had no interest in the Funds but that there was a dispute about whether the proper beneficiary was Cartledge (Decedent's surviving domestic partner and the named beneficiary) or Defendant Rose LaRochelle (Decedent's surviving mother, who claimed Cartledge had improperly named herself as the beneficiary).[2] The Court later discharged MetLife from any further liability to either Cartledge or LaRochelle and ordered Defendants to answer the complaint.[3] Although Cartledge timely answered and filed a cross-claim against LaRochelle,[4] LaRochelle did not answer the complaint or cross-claim, or otherwise appear in the case. Cartledge now moves for judgment on the pleadings with respect to her answer and cross-claim, asserting that she is the rightful owner of the Funds.[5]

## II.     Applicable Law

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). *See also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) ("Judgment on the pleadings is appropriate where there are

---

[2]   *See generally* ECF 1.

[3]   ECFs 18, 19, 21.

[4]   ECF 23.

[5]   ECF 27.

no material facts in dispute and the moving party is entitled to judgment as a matter of law."). The Court analyzes a motion for judgment on the pleadings using "the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *King v. Akima Global Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019) (citing *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018)). In applying this standard, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

### III.   Discussion

Cartledge's cross-claim alleges that she was the named beneficiary of the life insurance benefits at issue and that LaRochelle wrongfully interfered with her claim to those benefits.[6] LaRochelle has not contested those allegations. Accordingly, the Court concludes that LaRochelle has forfeited any interest in the Funds and Cartledge is the proper beneficiary. *Monumental Life Ins. Co. v. Smith*, No. 1:07-CV-0558-JOF, 2008 WL 11336660, at *3 (N.D. Ga. Jan. 4, 2008) (citations omitted) ("It has been repeatedly held that the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.");

---

6    ECF 23, at 10–14.

*Occidental Life Ins. Co. of N.C. v. Ligon*, 1:17-cv-02403-ELR, 2018 WL 9814655, at *1 (N.D. Ga. July 23, 2018) (similar). Cartledge therefore succeeds on her cross-claim as a matter of law and is entitled to judgment in her favor.

## IV.   Conclusion

Cartledge's motion for judgment on the pleadings [ECF 27] is **GRANTED**. The Clerk is **DIRECTED** to draw a check on the funds on deposit in the registry of this Court in the principal amount of $50,679.45 plus all accrued interest, minus any statutory user fees, payable to Robin Cartledge and mail or deliver the check to Sarah M. Timmers, Esquire, 272 Washington Avenue, Marietta, Georgia 30060-1979. The Clerk is **FURTHER DIRECTED** to enter final judgment against LaRochelle and **CLOSE** this case.

**SO ORDERED** this 19th day of December, 2024.

Steven D. Grimberg
United States District Judge

---

**TO THE COURT**

**It is hereby certified that rule 67 has been complied with and that there is on deposit in the Registry of this Court**

**$50,679.45**

**plus interest of** $3,598.08

**as of** 12/17/2024

s/Peter Tran

**Deputy Clerk
Financial Section**